UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **KRISTOPHER DAVIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 10-cv-02068 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

Petitioner, Kristopher Davis, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) on March 22, 2010.  The government filed a Motion to Dismiss Petitioner's Motion (#4) on April 23, 2010.  This court has carefully considered both the arguments and documentation submitted by both parties.  Following this careful and thorough review, the Government's Motion to Dismiss (#4) is GRANTED and Petitioner's Petition (#1) is DISMISSED with prejudice.

## FACTS

In January, 2008, Petitioner was indicted by the Federal Grand Jury for the Central District of Illinois on the charge of conspiracy to distribute 50 or more grams of cocaine base (crack) in violation of 21 U.S.C. § § 846 and 841(b)(1)(a).  Petitioner plead guilty to the charges on April 21, 2008 at which time this court accepted the written plea agreement.

The plea agreement signed by Petitioner and entered by this court included the following waiver:

> The defendant hereby knowingly and voluntarily waives his right
> to challenge any and all issues relating to his plea agreement,
> conviction and sentence, including any fine or restitution, in any
> collateral attack, including, but not limited to, a motion brought

> under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statues of conviction.

Following the plea agreement and pursuant to an 18 U.S.C. § 3553(e) motion by the government, this court sentenced Petitioner to a 235-month term of incarceration. Petitioner's sentence was entered on March 25, 2009.

Petitioner filed a habeas petition (#1) pursuant to 28 U.S.C. § 2255 on March 22, 2010. The motion claims that the sentence Petitioner received is unconstitutional based upon violations of Petitioner's rights to due process and equal protection, as well as his right to a reasonable sentence. Petitioner claims that the penalty scheme of applying a 100 to 1 crack to powder ratio is unconstitutional and therefore his sentence should be vacated since this scheme was used in determining Petitioner's sentence.

## ANALYSIS

### I. WAIVER

The Seventh Circuit has repeatedly held that "a voluntary and knowing waiver of an appeal is valid and must be enforced." United States v. Rhodes, 330 F.3d 949, 952 (7th Cir. 2003; See, e.g., United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002); United States v. Hare, 269 F.3d 859, 860 (7th Cir. 2001); Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999). However, even with a waiver, "A defendant does not lose the right to pursue a claim that the waiver was involuntarily made, was based on a constitutionally impermissible factor (such as race), or was made without the effective assistance of counsel." United States v. Rhodes, 330 F.3d at 952.

Even though it is possible to pursue a claim following a voluntary and knowing waiver, the ability to mount a § 2255 motion is severely limited. The Seventh Circuit has stated that "*waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.*" Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (emphasis in original). Further, the Seventh Circuit has made clear that there is no such thing as a "constitutional-argument exception" to a valid waiver found in a plea agreement. United States v. Behrman, 235 F.3d 1049, 1052 (7th Cir. 2000)

Here, Petitioner attempts to mount a constitutional challenge to his sentence, not a claim that the waiver was involuntarily made, was based on a constitutionally impermissible factor, or was made without the effective assistance of counsel. As aforementioned, Petitioner alleges that he was sentenced in violation of the United States Constitution. He claims that the sentence he received violated his rights to due process and equal protection as well as his right to receive a fair sentence.

Unfortunately for Petitioner, the waiver he signed forecloses his ability to mount a § 2255 motion pursuant to a constitutional challenge with regards to his sentence. The plea agreement, signed by Petitioner, included the following language: "The defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence." Constitutional challenges are included in "any and all issues," and therefore, unless an exception exists, Petitioner has waived such challenges.

Petitioner attempts to mount his § 2255 motion, despite the waiver, based on the language in Rhodes which states, "[a] defendant does not lose the right to purse a claim that the

3

waiver… was based on a constitutionally impermissible factor (such as race)." Rhodes, 330 F.3d at 952.  In effect, Petitioner is arguing that there is a constitutional-argument exception to the waiver which he voluntarily and knowingly signed.  Petitioner's reliance on Rhodes is misplaced.

By voluntarily and knowingly pleading guilty and signing the plea agreement which contained the waiver, Petitioner waived all objections – including constitutional objections – to his conviction.  See Behrman, 235 F.3d at 1052.  "Only arguments that would nullify the plea itself survive."  Behrman, 325 F.3d at 1052.  Furthermore, the Seventh Circuit has held there is no such thing as a "constitutional-argument exception" to a valid waiver in a plea agreement.  Behrman 235 F.3d at 1051.  In fact, the Seventh Circuit explicitly stated, "a 'constitutional-argument exception' would vitiate most waivers of appeal and all waivers of collateral attack."  Behrman, 235 F.3d at 1051.

Because there are no valid claims made by Petitioner asserting that the waiver was improperly entered into, this court finds the waiver valid.  Further, because established Seventh Circuit precedent binds this court, an exception to the waiver based on a constitutional argument cannot be granted.  Rhodes does not allow all constitutional challenges to supersede a waiver, but only those constitutional challenges that go directly to the defendant signing the waiver.  Petitioner's claims are barred based on the plea agreement that he voluntarily and knowingly signed.

In habeas petitions such as this, the court must look to established legal principals alone rather than any sympathy it may have for a defendant.  Here, clearly established precedent handed down by the Seventh Circuit dictates that this court must enforce the plea agreement and

the waiver contained therein.  Petitioner voluntarily and knowingly waived his right to collaterally attack his sentence and because he has raised no valid legal challenge to that waiver, the Government's motion must be granted.

## II.  CERTIFICATE OF APPEALABILITY

In Slack v. McDaniel, 529 U.S. 473 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. 473 at 484.

Here, established precedent makes it clear that Petitioner had waived his right to file a habeas motion such as the one he filed on March 22, 2010.  The fact that Petitioner makes a constitutional argument does not have any affect on the waiver that he voluntarily and knowingly entered into.  Indeed the Seventh Circuit has ruled that there is no "constitutional-argument exception" to a valid waiver.  The facts of this case would not allow any reasonable jurist to conclude that the court has erred in granting the Government's motion.  Therefore, a Certificate of Appealability is denied.

IT IS THEREFORE ORDERED THAT:

(1) Government's Motion to Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 is

GRANTED.

(2)  Petitioner's Habeas Motion is DISMISSED with prejudice.

(3)  This case is terminated.

(4)  A Certificate of Appealability is DENIED.

ENTERED this 30th day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE